

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN . 11

GROVER SELLERS
ATTORNEY GENERAL

Honor..ble Joe J. Fisher
District Attorney
Orange, Texas

Dear Sir:

Opinion No. O-7453

Re: Interpretation of Article 227,
Penal Code as to making a false
canvass of an election; and par-
ticularly, whether a grand jury
may go into such voting boxes
for evidence as to willful and
intentional miscalling of votes.

This acknowledges your letter of October 9, 1946, which
is in part as follows:

". . . I would like an opinion for the Orange
County grand jury, which is now in session, on the
interpretation of Article 227, Penal Code, which deals
with making a false canvass of an election.

"The grand jury has reason to believe that the
election judges announcing the votes cast for the can-
didates, willfully and intentionally miscalled a num-
ber of votes, and they wish to go into the voting
boxes for the purpose of obtaining this evidence to
be used in criminal prosecutions predicated upon in-
dictments returned.

" * * *

"The statute does not specifically name the grand
jury as having authority to go into the ballot boxes,
but it does say that the court may cause to be counted
under its direction the ballots cast in any election.
. . ."

Section 153, page 558, Acts of the Texas Legislature,
1905 (Article 227, Chapter 4, Title 6, Penal Code, 1925) is as
follows:

"Any judge or clerk of an election, chairman or
member of a party executive committee, or officer of
a primary special or general election, who willfully
makes any false canvass of the votes cast at such
election, or a false statement of the result of a
canvass of the ballots cast shall be confined in the
penitentiary not less than two nor more than five
years."

The first construction of this act by the Court of
Criminal Appeals was in the case of Beach v. State, 171 S. W.
715. The Court after reviewing numerous authorities from other
states, among which were Ex Parte Brown, 97 Cal. 83, 31 P. 840,
and Ex Parte Arnold, 123 Mo. 256, 30 S. W. 768, held that ballot
boxes cannot be opened or the ballots used as evidence in crimi-
nal cases.

In 1933 the Court of Criminal Appeals again construed
Article 227, P. C. 1925, in the case of Carroll v. State, 61 S. W.
(2d) 1005, where the ballot boxes had been turned over to the
grand jury and examined by it. After the indictment was returned,
the ballot boxes were again introduced in evidence upon the trial
before the jury.

After citing the case of Beach v. State, supra, and re-
viewing to the authorities therein cited, the Court of Criminal
Appeals held that the conviction could not be sustained for the
reason that the ballot boxes were improperly admitted in evidence
in violation of Article 727a, C. C. P. 1925. The Court held in
part as follows:

"From the case of Ex parte Brown, 97 Cal. 83,
31 P. 840, 842, the following quotation is taken:
'We are asked by counsel how the declared intention
of the legislature to punish frauds by election of-
ficers can be reconciled with an intention to prevent
the use of the best means of proving such frauds. * *
This failure of provision, however, if, indeed, there
was such failure, cannot be remedied by the courts,
but must be left to the legislature itself for amend-
ment. If it is thought necessary to make the ballots
available as evidence in criminal proceedings, the

legislature can do so, under such limitations and re-strictions as may be deemed essential to their integrity. The courts cannot open them for inspection, without destroying all safeguards, except as each particular judge who may order them into court shall see proper to apply; nor without impairing in all cases, and pos-sibly destroying in many, their value as evidence for the only purpose for which the law has directed their preservation.'

"The views of this court are in accord with the remarks quoted above. (Emphasis ours)

It will be noted from a reference to the emphasized por-tion of the opinion just quoted the Court of Criminal Appeals stated that the only way to make ballots available as evidence in criminal proceedings must be through an act of the Legislature; and pursuant thereto the 48th Legislature in 1943 at its regular session amended Article 227 by the provisions of House Bill 44, being Chapter 296, page 438, Acts of the 48th Legislature, by adding the following sentence to Article 227 as it then existed:

". . . In all such cases, the Court shall have authority to unseal and open the ballot boxes, and the Court may count, or cause to be counted under its di-rection, the ballots cast in any election; however, in so doing the Court shall exercise due diligence to pre-serve the secrecy of the ballots, and upon completion of such count the said ballot boxes with their original contents shall be resealed and redelivered to the County Clerk who shall keep the same until ordered by the Court to destroy the same." (Emphasis ours)

The emergency clause reads in part as follows:

"The fact that the present law provides a penalty for such violations, but makes no provision for the in-troduction of the ballots in evidence renders such law inoperative and ineffective, and creates an emergency. . . ." (Emphasis ours)

It is a fundamental rule of statutory construction that where ambiguous language is contained in the statute, the circumstances attending its passage which bear upon the legislative intent, and the

state of the law at the time of its enactment, the conditions designated to be dealt with, the good intended to be accomplished, and the mischief sought to be remedied shall all be taken into consideration.

Judge Sharp, speaking for the Supreme Court of Texas in the case of Magnolia Petroleum Company v. Walker, 83 S. W. (2d) 929, held as follows:

"No inflexible rule can be announced for the construction of statutes. However, the dominant rule to be observed is to give effect to the intention of the Legislature. Generally the intent and meaning is obtained primarily from the language of the statute. In arriving at the intent and purpose of the law, it is proper to consider the history of the subject matter involved, the end to be attained, the mischief to be remedied, and the purposes to be accomplished. . ." (Emphasis ours)

The state of the law at the time of the 1943 amendment is well evidenced by the language of the Court in its opinions in Beach v. State and Carroll v. State, supra, to the effect that the ballot boxes could not be opened, and the ballots could not be used as evidence in criminal trials for the reason that no legislative provision had been made therefor; and to permit their use would be a violation of the constitutional secrecy of the ballot.

The conditions designated to be dealt with, the good intended to be accomplished, and the mischief sought to be remedied as considered by the Legislature were embodied in the form of the 1943 amendment in order that the Court having jurisdiction over the trial of the felony offense created by Article 227 could permit the ballot boxes to be opened and the ballots counted under proper safeguards which would maintain and preserve the secrecy of the ballot.

The fact that the 48th Legislature in the emergency clause of House Bill 44, supra, stated that the former law provided a penalty for violation of the election laws but made no provision for the introduction of the ballots in evidence is persuasive to

show the legislative intent of providing a legal means for the opening of the ballot boxes and the introduction of the ballots in evidence upon the trial under the proper supervision of the trial court upon indictment duly rendered and returned by its grand jury and under proper safeguard by the Court to insure the secrecy of the ballot. The very phrase used in the emergency clause, "makes no provisions for the introduction of the ballots in evidence," is persuasive of the legislative intent that the amendment should apply only to the counting of the ballots as introduced in evidence upon the trial of the cause, since it is undisputed that while the grand jury may hear witnesses and examine evidence, nevertheless, there is no introduction in evidence of either testimony or exhibits before the grand jury as contemplated by Article 227.

If the 48th Legislature had intended that the ballot boxes should be unsealed and the ballots counted by the grand jury for the purpose of obtaining facts upon which to base an indictment, it could have easily provided for such procedure by appropriate phraseology. And since Article 227 is a penal statute, no such legislative intendment can be read into the language of the amendment.

It is therefore the opinion of this Department that the District Court of Orange County has no authority to authorize a grand jury of said County to open the ballot boxes or to count the ballots for the purpose of obtaining evidence upon which to predicate an indictment. However, the District Court, after an indictment has been returned to it, may, in its discretion, upon the trial of the cause, unseal and open the ballot boxes; and the Court may for itself count or cause to be counted under its direction the ballots contained therein, exercising due diligence to preserve the secrecy of the ballots.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR/JCP

APPROVED OCT 19, 1946

FIRST ASSISTANT
ATTORNEY GENERAL